# CASES

IN THE

# SUPREME COURT OF ALABAMA.

## DECEMBER TERM, 1891.

## Maull *v.* The State.

*Indictment for Murder.*

1. *Admissibility of confessions.*—On a prosecution for murder, confessions voluntarily made by the defendant, a negro boy about sixteen or seventeen years old, to the sheriff who had him in custody, and who had told him, in response to an inquiry, "if it would be best for him to tell the truth about it," that "it was always best for him or any one else to tell the truth about anything," are admissible as evidence against him.

FROM the Circuit Court of Lowndes.

Tried before the Hon. JOHN MOORE.

The defendant in this case, a negro boy about sixteen or seventeen years old, was indicted for the murder of Mr. Ed. Maull, by shooting him with a gun; was convicted of murder in the first degree, and sentenced to be hanged. The opinion states the facts bearing on the only point here presented for revision.

WM. L. MARTIN, Attorney-General, for the State, cited *Aaron v. State*, 37 Ala. 106; *King v. State*, 40 Ala. 314; *Dodson v. State*, 86 Ala. 60; *Dotson v. State*, 88 Ala. 208.

COLEMAN, J.—The only exception reserved, as shown by the record, is as to whether the declarations made by the defendant, and which were admitted against his objection, were made voluntarily. The testimony of the witness by whom the declarations were proven is as follows: "I am sheriff of Lowndes county. A few days after defendant was put in jail, I received a message from him to come to the jail, he wanted to see me. Soon afterwards I went to the

jail, saw defendant. and asked him what he wanted with me. He replied he wanted to tell me about the killing of Mr. Maull. I asked him if he knew about the killing of Mr. Maull. He replied, 'yes, sir, I do ;' and added, 'I have sent for you to talk with you about my case.' I then told him to go ahead, and tell me all about his case. He asked me if it would be the best for him to tell the truth about it. I replied, that it was always best for him, or any one else, to tell the truth about anything. He then said, 'Me and this man,' referring to another person in jail, 'have been talking about our cases, and I have sent for you to tell you about it.' I then said, "If you are going to tell the straight truth, I will listen to it, and want to hear it; and if you are not going to tell the truth, I don't want to hear it.' He hesitated two or three seconds, and I said to him, 'Go ahead and tell me all you know about the case.'" The declarations of defendant testified to by the witness were then made.

The principle upon which these declarations were admitted, can not be distinguished from that applied to the facts in the case of *Dotson v. State*, 88 Ala. 210; *Dodson v. State*, 86 Ala. 60; *Aaron v. State*, 37 Ala. 106; *Hornsby v. State*, 94 Ala. 58. In these cases, the confessions of the defendant were held to be voluntary and admissible.

This being the only exception reserved for review by this court, and under our view of the law being free from error, the case must be affirmed. The day appointed by the trial court for the execution of the sentence of the law pronounced by the court upon the verdict of the jury having passed, it becomes the duty of this court to appoint another day. It is therefore considered by this court, that Friday, the 8th day of July next, 1892, be appointed as the day for the execution of the sentence, and on that day it is ordered and adjudged that Sam Maull, the defendant, in a place and in the manner required by law, be hanged by the neck until he is dead; and the sheriff of Lowndes county is charged with the duty to execute the judgment of the court.

Affirmed.